IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN RUSSELL BLACKWELL,<br><br>Defendant. | CR- 17-13-H-CCL<br><br><br><br>Order |

On November 6, 2019, this Court referred the pending revocation petition to Magistrate Judge Johnston for hearing, findings of fact, and recommendation, (Doc. No. 49). The revocation hearing was held on November 7, 2019. Pending now before the Court are the Findings and Recommendations filed by Magistrate Judge Johnston on November 8, 2019. (Doc. No. 54). Although Defendant waived his right to object the Magistrate Judge Johnston's findings and recommendation, the Court has nevertheless waited fourteen days to consider the findings and recommendation. Neither party has submitted an objection to date.

**I. Findings and Recommendations**

Judge Johnston found:

> Brian Russell Blackwell violated the conditions of his supervised release: by using methamphetamine; by possessing methamphetamine; by failing to report to his probation officer

1

as directed; and by failing to attend sex offender treatment.

(Doc. No. 54 at 4).

Judge Johnston recommends that this Court:

> revoke Blackwell's supervised release and commit Blackwell to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, with 48 months of supervised release to follow. Blackwell's supervised release conditions should be modified to include location monitoring during the first 180 days of supervised release.

(Doc. No. 54 at 4).

## II. Discussion

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(emphasis in original). The Court therefore reviews the magistrate judge's findings and recommendations for clear error when, as in this case, neither party objects to the findings and recommendations.

Defendant admitted to having committed all but one of the violations of supervised release charged in the amended petition, and Judge Johnston accepted his admissions. The Court therefore finds by a preponderance of the evidence that

Defendant committed seven violations of his conditions of supervised release, as charged in the amended petition. The Court also agrees with Judge Johnston that Defendant's violations are serious and warrant revocation of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(3).

Judge Johnston notified Defendant that his violation grade is C, his criminal history category is IV, his Chapter 7 Policy Guideline Range is 6-12 months, and that he could be incarcerated for up to 24 months. He was also notified that he could be required to serve a term of supervised release of up to 54 months, less any custody imposed. (Doc. No. 54 at 3). Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by Judge Johnston are correct.

Judge Johnston carefully reviewed Defendant's history and characteristics, noting that the Court revoked his supervised release in April of 2019 and sentenced him to six months imprisonment based on multiple violations of his release conditions, including using and possession methamphetamine. Within months of his release from that sentence, Defendant again violated his conditions, including the conditions prohibiting possession and use of controlled substances. The Court agrees with Judge Johnston's recommendation that Defendant be placed in custody for six months, followed by three months of location monitoring.

3

## III. Conclusion

Having considered the recommended sentence, the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and the record in this case, the Court finds that the appropriate sentence should be as recommended by Judge Johnston. The Court adopts Judge Johnston's Findings and Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Judge Johnston and the United States Probation Office.

Done and dated this 22nd day of November, 2019.

*[signature]*
CHARLES C. LOVELL
UNITED STATES DISTRICT JUDGE